**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4877

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY LAVETTE LITTLE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:00-cr-00027-V)

Submitted: May 4, 2007                    Decided: June 4, 2007

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Camille M. Davidson, FULLER & BARNES, LLP, Charlotte, North Carolina, for Appellant. Amy E. Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Tony Lavette Little pled guilty to conspiracy to possess with intent to distribute powder cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000). After granting the Government's U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2000) motion for a downward departure based on Little's substantial assistance, the district court sentenced Little to 235 months' imprisonment.

Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but requesting we review whether a sentencing enhancement for possession of a dangerous weapon was proper. In his informal brief, Little argues the enhancement, which applied a two-level increase to his offense level pursuant to USSG § 2D1.1(b)(1), violated United States v. Booker, 543 U.S. 220 (2005). The Government declined to file a responding brief. Finding no reversible error, we affirm.

Under Booker, when a defendant is sentenced under a mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 224. Little contested the dangerous weapon enhancement at sentencing, and

treating the sentencing guidelines as mandatory, the district court found the enhancement was warranted based on a preponderance of the evidence.

We conclude the enhancement does not amount to Sixth Amendment error under Booker.[1] "To establish that a Sixth Amendment error occurred in his sentencing, [an appellant] must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted." United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005). In the plea agreement, Little stipulated he was responsible for at least 1.5 kilograms of cocaine base for sentencing purposes, creating a base offense level of thirty-eight. See USSG § 2D1.1(c)(1) (drug quantity table). Little did not contest his criminal history category of V at sentencing. As a consequence, the maximum allowable sentence based only on the facts Little admitted was life imprisonment. See USSG Ch. 5, Pt. A (sentencing table). The USSG § 2D1.1(b)(1) enhancement was accordingly permissible.[2]

---

[1]Although the district court sentenced Little in accordance with the law and procedures then in effect, it committed statutory Booker error by treating the guidelines as mandatory, see United States v. Rodriguez, 433 F.3d 411, 414 (4th Cir. 2006). However, there is no indication the district court wished to sentence Little below the sentencing guidelines range but was prevented from doing so by a mandatory application of the guidelines. See United States v. White, 405 F.3d 208, 223-24 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). Thus, there is "no nonspeculative basis" for finding prejudice. Id. at 223.

[2]Furthermore, the district court's finding an adequate factual basis supported the enhancement was not clearly erroneous. See

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Little's conviction and sentence. This court requires that counsel inform Little, in writing, of the right to petition the Supreme Court of the United States for further review. If Little requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Little.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

<u>United States v. McAllister</u>, 272 F.3d 228, 234 (4th Cir. 2001); <u>see also</u> USSG § 2D1.1(b)(1), comment. (n.3) ("[This] adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."). It was not clearly improbable the weapon was connected with the offense.